IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW G. SCOTT,

                        Petitioner,

   v.                                                OPINION & ORDER

RANDALL HEPP,                                  15-cv-326-jdp

                        Respondent.

---

Pro se petitioner Matthew G. Scott is a prisoner in the custody of the Wisconsin Department of Corrections housed at the Fox Lake Correctional Institution. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 conviction out of the Circuit Court for Waukesha County, Wisconsin. Petitioner has paid the $5 filing fee, and so the next step is for me to preliminarily review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." When screening a pro se litigant's petition, I must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). After reviewing the petition with this principle in mind, I conclude that the petition includes at least one claim for which petitioner has not exhausted his state court remedies. I will direct petitioner to indicate and show good cause in support of how he wishes to proceed.

ALLEGATIONS OF FACT

I draw the following facts from the petition and from publicly-available case records.

On May 12, 2009, petitioner pleaded guilty to second degree sexual assault of a child. The Circuit Court for Waukesha County sentenced petitioner to eight years and six months on July 7, 2009. Petitioner filed a postconviction motion to withdraw his guilty plea and a motion for resentencing; the circuit court denied both motions on January 22, 2010. Dkt. 1-1.

Petitioner appealed the conviction and the order denying his motion to withdraw his guilty plea. Petitioner argued that he should have received an evidentiary hearing with respect to his motion to withdraw his guilty plea because he made a prima facie showing that the circuit court judge did not confirm that petitioner understood the essential elements of the crime before accepting his guilty plea. On June 8, 2011, the Wisconsin Court of Appeals affirmed the conviction but reversed and remanded the circuit court's order denying petitioner's motion to withdraw his guilty plea. The court of appeals determined that the circuit court should have held an evidentiary hearing on the motion; the court affirmed the judgment of conviction "because plea withdrawal must be determined in a postconviction evidentiary hearing." Dkt. 1-2, at 2.

On remand, the circuit court held an evidentiary hearing and then denied petitioner's motion to withdraw his guilty plea. Petitioner appealed. The court of appeals affirmed on April 10, 2013. *State v. Scott*, 2013 WI App 73, ¶ 1, 348 Wis. 2d 263, 831 N.W.2d 824.

Petitioner filed a petition for review with the Wisconsin Supreme Court on May 10, 2013, contending that the circuit court should have allowed him to withdraw his guilty plea because it was not knowing, voluntary, and intelligent. The supreme court denied the petition on January 13, 2014. Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

But petitioner *did* file a petition for a writ of certiorari to the United States Supreme Court with respect to the *first* court of appeals decision (the decision entered June 8, 2011). Petitioner appears to have filed the petition on April 14, 2014; the Court denied the petition on May 27, 2014. *Scott v. Wisconsin*, 134 S. Ct. 2679 (2014).

It does not appear that the petitioner has filed any petitions for postconviction relief pursuant to Wis. Stat. § 974.06.

Now petitioner seeks a writ of habeas corpus based on two claims: (1) his trial attorney did not inform the circuit court judge that petitioner had problems understanding the plea colloquy, and so petitioner's plea was not knowing and voluntary; and (2) ineffective assistance of postconviction and appellate counsel for failing to obtain postconviction or appellate relief and for failing to raise a claim for ineffective assistance of trial counsel.

ANALYSIS

Before I can consider the merits of petitioner's claims, he must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires a habeas petitioner to fully and fairly present his claims to the state courts so that they have a meaningful opportunity to consider the substance of those claims and to correct any mistakes. *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013). To "fairly present" a federal claim, a habeas petitioner must "assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir.), *cert. denied sub nom.*, *Richardson v. Pfister*, 135 S. Ct. 380 (2014). This "requirement means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory."

*Id.* A habeas petitioner who misses an opportunity to properly present a claim in state court commits a procedural default that may forfeit federal review of that claim. *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009) (citing *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007)); *see also Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) ("If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted.").

It appears that petitioner has exhausted his claim that his guilty plea was not knowing and voluntary. But to the extent that petitioner's first claim also raises an ineffective assistance of trial counsel claim, he has not exhausted it. Nor has he exhausted his claim for ineffective assistance of postconviction and appellate counsel. Petitioner has not presented *any* ineffective assistance of counsel claim to *any* state court. "[T]he exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim[.]" *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). In Wisconsin, "claims of ineffective assistance of appellate counsel must be filed in the form of a petition for a writ of habeas corpus with the court of appeals." *State v. Starks*, 2013 WI 69, ¶ 4, 349 Wis. 2d 274, 833 N.W.2d 146 (citing *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540, 544 (1992)). And petitioner may be able to present an ineffective assistance of trial or postconviction counsel claim via a motion for postconviction relief pursuant to Wis. Stat. § 974.06. *See State v. Balliette*, 2011 WI 79, ¶ 31, 336 Wis. 2d 358, 805 N.W.2d 334 ("When, however, the conduct alleged to be ineffective is postconviction counsel's failure to highlight some deficiency of trial counsel in a § 974.02 motion before the trial court, the defendant's remedy lies with the circuit court under either Wis. Stat. § 974.06 or a petition

4

for habeas corpus."). It appears that petitioner has the opportunity to present his ineffective assistance of counsel claims to the state courts and has simply not yet done so.

This is all to say that petitioner has filed a "mixed petition," meaning that his petition presents one exhausted claim and several unexhausted claims. Under these circumstances, petitioner has two options: (1) he may request the court stay his case and allow him to return to federal court after he has exhausted all of his claims in state court; or (2) he may choose to proceed only with the exhausted claim, but he must keep in mind that "doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles." *Burton v. Stewart*, 549 U.S. 147, 154 (2007). Put differently, if petitioner chooses to forego his ineffective assistance of counsel claims now and proceed only with his exhausted claim regarding his guilty plea, then any later habeas petition raising the ineffective assistance of counsel claims would be a "second or successive habeas corpus application" for purposes of 28 U.S.C. § 2254. This means that petitioner would have to move the appropriate court of appeals for permission to file his second petition with this court, and he would have to satisfy one of the exceptions for failing to present his ineffective assistance of counsel claims in this petition. *See* 28 U.S.C. § 2254(b). Petitioners rarely receive permission to file a second or successive petition.

I will give petitioner a deadline to choose between the two options that I have identified. Within three weeks of this order, petitioner must file a notice explaining which of the options he chooses. If petitioner chooses to request that I stay his petition while he exhausts, he must show good cause for it. When dismissing a mixed petition would "effectively end any chance at federal review" by virtue of the running of the one-year limitations period, *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006), the court has

5

discretion to stay the petition pending exhaustion of state court remedies on any unexhausted claim. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). But because a stay would frustrate the Antiterrorism and Effective Death Penalty Act's objectives of encouraging finality and streamlining federal habeas proceedings by allowing the petitioner to delay the federal proceedings, courts grant stays only in limited circumstances. *Id*. at 277. A stay is warranted only where the petitioner can demonstrate that: (1) he had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) he has not engaged in abusive litigation tactics or intentional delay. *Id*. at 278. If he requests a stay, petitioner should explain what, if any, steps he took to exhaust his state court remedies and why he failed to exhaust his claims in state court before he sought federal relief.

If petitioner fails to timely respond with his chosen course of action, I will dismiss the unexhausted claims and address only his one exhausted claim. *See Rose v. Lundy*, 455 U.S. 509 (1982).

When he responds to this order and addresses the exhaustion problems that I have identified, regardless of which option he chooses, petitioner should also address a potential timeliness concern that I have. Under 28 U.S.C. § 2244(d), a petitioner has one year to petition a federal court for a writ of habeas corpus. The one-year limitations period begins to run from the latest of: (1) the date on which judgment in the state case becomes final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition is removed; (3) the date on which the constitutional right asserted is first recognized by the Supreme Court, if that right is also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could be discovered through the exercise of due diligence. 28

U.S.C. § 2244(d)(1)(A)-(D). Petitioner's one-year statute of limitations likely began running on the date his state court judgment became final. 28 U.S.C. § 2254(d)(1)(A). If a petitioner does not seek a writ of certiorari from the United States Supreme Court on direct appeal, direct review becomes final "when the time for filing a certiorari petition expires." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). A petitioner has 90 days to file a petition for a writ of certiorari after entry of judgment. 28 U.S.C. § 2101(d); S. Ct. Rule 13.1 (as cited in *Mississippi v. Turner*, 498 U.S. 1306, 1306 (1991)). As I explained above, it does not appear that petitioner filed a petition for certiorari after the Wisconsin Supreme Court denied review on January 13, 2014; the cert petition he *did* file arose from the June 8, 2011, court of appeals decision. Assuming that this is the case, petitioner's direct appeal may have become final when his time for filing for certiorari expired, namely, 90 days after the Wisconsin Supreme Court's January 13, 2014, entry of judgment, or April 13, 2014. Barring any applicable tolling, petitioner's one-year statute of limitations may have expired on April 14, 2015. But petitioner did not file his petition until May 19, 2015. Dkt. 2, at 1 (petitioner represents that he placed his materials in the prison mailbox on May 19, 2015). That being said, if the United States Supreme Court decision denying cert rightfully extended petitioner's direct appeal, then the petition may be timely; the Supreme Court issued its decision on May 27, 2014, less than one year before petitioner filed his petition with this court.

       Petitioner will have to explain the role that the Supreme Court's decision plays in this case and produce a copy of his petition to the United States Supreme Court when he files his response to the exhaustion issues.

One final note: according to the Wisconsin Department of Corrections' online database of offender information, petitioner is no longer being housed at the Fox Lake Correctional Institution; he is currently incarcerated at the New Lisbon Correctional Institution. I will instruct the clerk's office to update petitioner's address accordingly and ensure that he receives a copy of this order at that location. I will also instruct the clerk's office to update the caption with the correct respondent; Randall Hepp, warden of the Fox Lake Correctional Institution, should be replaced by Timothy Douma, warden of the New Lisbon Correctional Institution.

## ORDER

IT IS ORDERED that:

1. Petitioner Matthew G. Scott may have until May 31, 2016, to file a notice with the court indicating whether he wants to proceed with only his exhausted claim or whether he requests that the court stay the petition while he exhausts his state court remedies.

    a. If petitioner requests a stay, petitioner will need to articulate good cause for the stay, as discussed in this order.

    b. Petitioner will also need to address the timeliness concerns that the court has identified in this order.

2. If petitioner fails to timely respond, I will dismiss his unexhausted claims.

Entered May 9, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge